UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:20-CV-285-HAB |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Brief in Support of Complaint (ECF No. 19). Defendant Andrew M. Saul, Commissioner of Social Security (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 20) on March 19, 2021. Plaintiff filed his Reply (ECF No. 22) on April 2, 2021. This matter is now ripe for review.

**A.    Procedural History**

On September 27, 2017, Plaintiff filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income, both claiming disability beginning on August 10, 2017. The applications were denied initially and upon reconsideration. Thereafter, Plaintiff filed a written request for a hearing before an administrative law judge ("ALJ").

A hearing was held before ALJ Cindy Martin on December 17, 2018. The ALJ issued her Decision (R. 17–26) on February 27, 2019, finding that Plaintiff was not disabled. Plaintiff sought review from the Appeals Council, which request was denied. Plaintiff then filed the instant action for judicial review.

B.     **Legal Analysis**

1.     *Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected,"

*Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.   *The ALJ's Decision***

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 10, 2017. At step two, the ALJ found that Plaintiff had a single severe impairment: degenerative disc disease of the lumbar spine and status post microdiscectomy at L4-5 and L5-S1 in January 2016. The ALJ also found that Plaintiff had the following non-severe impairments: trace mitral regurgitation; bi-polar disorder; depression; and anxiety. At step three, the ALJ ruled that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. In making this ruling, the ALJ considered listings 1.02 and 1.04.

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can frequently climb, balance, stoop, kneel, crouch and crawl." (R. 21). Finally, at step five, the ALJ found that Plaintiff had no past relevant work, but that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. As a result, she found Plaintiff to be not disabled.

**3.** ***The ALJ Failed to Adequately Address the Medical Opinions of Plaintiff's Treating Physician.***

Initially, the Court agrees with Plaintiff that the ALJ failed to evaluate the medical opinion evidence consistent with the requirements of 20 C.F.R. § 404.1520c. When evaluating the persuasiveness of a medical opinion, the ALJ must consider (1) supportability, (2) consistency, (3) relationship with the claimant, including (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) whether it is an examining relationship, (4) specialization, and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(a), (c)(1)-(5). The most important factors are supportability and consistency, and an ALJ is required to explain how he

4

considered these factors in determining the persuasiveness of a medical opinion. *Id*. § 404.1520c(b)(2). Failure to properly consider, and explain consideration of an opinion, warrants remand. *See*, *e.g.*, *Beason v. Saul*, 2020 WL 606760, at *2-3 (C.D. Cal. Feb. 7, 2020) (remanding where ALJ failed to consider or discuss any of the factors set forth in 20 C.F.R. § 404.1520c(c)(1)-(5)); *Joseph M.R. v. Comm'r of Soc. Sec.*, 2019 WL 4279027, at *7-8 (D. Or. Sept. 10, 2019) (same); *Alonzo v. Comm'r of Soc. Sec.*, 2020 WL 1000024, at *4-5 (D. Ariz. Mar. 2, 2020) (ALJ erred in failing to address any of the factors in § 404.1520c(c), especially the "most important" — supportability and consistency).

With respect to Dr. John Kelly, Plaintiff's treating physician, the entirety of the ALJ's discussion is as follows:

> Dr. John Kelly provided three (3) different medical opinions (9F-11F). These opinions are unpersuasive. His opinions are inconsistent with the medical evidence and his own examinations, and the other medical opinions in the records. Dr. Kelly's treatment note [sic] consistently note the claimant has no abnormality in his gait (12F). Further, Dr. Kelly's records make no mention of diminished strength (12F). Finally, Dr. Kelly noted that the claimant was fully able to manage the household (10F, 12F).

(R. 23). This factually-bereft dismissal of Dr. Kelly's opinions, which are not even identified by topic or substance, is woefully insufficient to satisfy the governing regulations.

First and foremost, the ALJ does not identify the opinions that he finds "unpersuasive." The "opinions" identified in the Decision are three different forms comprising fourteen pages in the Record. (R 599–612). Within those forms are any number of "opinions," both supporting and conflicting with the Decision. For instance, on Exhibit 9F, a form titled "Mental Assessment of Ability to do Work-Related Activities," Dr. Kelly answered nine questions, many with multiple subparts. In answering these questions, Dr. Kelly opined that Plaintiff could "understand, remember, and carry out complex, not complex, or simple job instructions," and that Plaintiff could

5

"manage [his] benefits/finances in his . . . own best interest." (R 600–01). Yet, the ALJ does not differentiate between those opinions and the opinions in the same form that Plaintiff was not "capable of sustaining work on a continuing basis," or the opinion that Plaintiff could be expected to have "4 or more" absences from work per month. (R. 601). The ALJ presumably agrees with the first two opinions and disagrees with the second two, yet both are grouped and characterized as "unpersuasive" without either set of opinions being discussed.

Exhibit 10F, a form titled "Medical Assessment-Questionnaire Form," is similarly problematic. Attached to that form is a record from a February 5, 2018, physical examination of Plaintiff. There, Dr. Kelly diagnoses Plaintiff with bipolar I disorder, lumbar disc degeneration, mitral regurgitation, and mood disorders. (R. 605). These are all impairments identified by the ALJ. (R. 19–20). Did the ALJ find these diagnoses "unpersuasive" and, if so, why are they identified as severe and non-severe impairments?

"When an ALJ decides to favor another medical professional's opinion over that of a treating physician, the ALJ must provide an account of what value the treating physician's opinion merits." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Where, as here, an ALJ does not even identify the opinions he has rejected, much less evaluate those opinions under the factors set forth in 20 C.F.R. § 404.1520c, he cannot be said to have adequately supported his decision.

Perhaps the ALJ went line-by-line through Dr. Kelly's submissions and evaluated each under the controlling regulation. If so, that fastidiousness did not make its way to the written decision. Instead, the Court is left with six sentences that do not enable the Court to find that the ALJ so much as read the referenced documents. Accordingly, the ALJ failed to build the required logical bridge, and remand is required.

6

**C.     Conclusion**

For the foregoing reasons, the Decision (R. 17–26) is REVERSED and REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on April 27, 2021.

                                          s/ *Holly A. Brady*
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT